UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:21-cv-08843-CAS (JEMx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | NAKIA WOODSON V. JAMES LEESTMA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Michael Mogan                                            John Eyrich

**Proceedings:**   MOTION FOR SUMMARY JUDGMENT (Dkt. 38, filed on NOVEMBER 4, 2022)

## I.   INTRODUCTION

On November 10, 2021, plaintiff Nakia Woodson filed this action against defendants James Leestma and Advance Inheritance LLC. Dkt. 1 ("Compl."). Plaintiff alleges that defendants have interfered with her attempt to secure a loan that would have allowed plaintiff to make improvements to 7526 S. Hobart Boulevard, Los Angeles, CA, 90047 (the "property" or "real property"). Id. ¶¶ 6-23. Subsequent to the improvements, plaintiff intended to rent the real property to short-term and long-term tenants. Id. The real property is part of an estate and the subject of an ongoing Los Angeles Superior Court probate proceeding. See dkt. 38 ("MSJ") at 3. Defendant Advance Inheritance LLC ("AI") is a business that advances funds to heirs and beneficiaries in consideration for partial assignments of their interest in an estate or trust. Id. Defendant Leestma is the president of and counsel for AI. Id.

In her complaint, plaintiff alleges the following claims for relief: (1) intentional interference with prospective economic advantage; and (2) negligent interference with prospective economic advantage. Compl. ¶¶ 24-33. Specifically, plaintiff alleges that defendants knew plaintiff was attempting to make improvements to the real property and that Leestma threatened the title company, placed a *lis pendens* on the property, and refused to accept payment from an heir to the estate, all in order to prevent plaintiff from obtaining a loan and completing the repairs. Id. ¶¶ 14-19. Plaintiff claims she has lost "in excess of $75,000 in rental revenues" because of defendants' interference. Id. ¶ 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-08843-CAS (JEMx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | NAKIA WOODSON V. JAMES LEESTMA, ET AL. | | |

On November 4, 2022, defendants filed a motion for summary judgment.[1] MSJ. On November 22, 2022, plaintiff filed an opposition to defendants' motion. Dkt. 45 ("Opp."). On December 6, 2022, defendants filed a reply in support of their motion. Dkt. 46. On December 19, 2022, the Court held a hearing on defendants' motion. Defendants' motion for summary judgment is presently before the Court.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.[2]

This action arises out of a real property dispute concerning the real property located at 7526 S. Hobart Boulevard, Los Angeles, CA, 90047. Dkt. 39, Statement of Uncontroverted Facts ("SUF") at 1. Carole Gleason (the "decedent") held title to the real property at the time of her death on September 15, 2017. Id. On March 29, 2018, a petition for probate of the decedent's estate was filed by Paschell Gleason in a Los Angeles Superior Court probate proceeding, and, thereafter, Paschell Gleason was appointed as administrator of the estate. Id. at 2, 4. The real property was the sole asset of the estate. Id. at 5. In October and November 2018, Kevin Gleason, one of the decedent's heirs, received funds from defendant AI, in exchange for partial assignments of Kevin Gleason's interest in the decedent's estate. Id. at 7. As a result of this

---

[1] In connection with their motion for summary judgment, defendants filed an unopposed request for judicial notice, requesting that the Court take notice of court records from the state court probate proceedings and recorded real property records. See Dkt. 40. The Court finds it appropriate to take judicial notice of the documents pursuant to Federal Rule of Evidence 201(b)(2).

[2] The parties assert numerous evidentiary objections to the other side's evidence. See dkts. 45-2, 47, 48. "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 (C.D. Cal. 2010).

To the extent that the Court relies on objected-to evidence, it has considered and **OVERRULED** the parties' evidentiary objections. Evidence not considered by the Court is not addressed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                              'O'

| Case No. | 2:21-cv-08843-CAS (JEMx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | NAKIA WOODSON V. JAMES LEESTMA, ET AL. | | |

exchange, AI held an interest in the estate. Id. On April 2, 2019, following the death of Paschell Gleason, Patricia Gleason Williams, plaintiff's mother and one of the decedent's heirs, was appointed as successor administrator of the estate. Id. at 8-9. On July 24, 2019, defendant Leestma filed a petition to remove Gleason Williams as successor administrator and a petition seeking appointment of himself as successor administrator. Id. at 12.

### A. Purported Transfer of the Real Property by Grant Deed

On August 29, 2019, a grant deed was recorded with the Los Angeles County Recorder's Office, purporting to transfer the real property from the "Carole Gleason Estate by Patricia Gleason Williams as Executor" to the "Certified Holding Trust." Id. at 13. Plaintiff, Gleason Williams' daughter, is the trustee of Certified Holding Trust. Id. at 25. In or around October 2019, plaintiff contacted New Way Construction, Inc. requesting their services to complete repairs on the real property. Woodson Decl. at ¶ 8. Plaintiff additionally sought a loan from a financial institution to enable her to pay for the repairs. Id. at ¶ 9.

In December 2019, Leestma discovered the grant deed and, on December 5, 2019, filed a supplement to the petition for removal of Gleason Williams as successor administrator in the probate proceedings. SUF at 13, 15. The supplement informed the probate court that the real property had been transferred out of the estate pursuant to the grant deed, without notice to the heirs and interested parties. Id. at 15. Additionally, on December 12, 2019, Leestma caused to be recorded with the Los Angeles County Recorder a *lis pendens* in connection with the real property. Id. at 16.

### B. Leestma's Communications with West Coast Escrow

On January 9, 2020, following Leestma's filing of the *lis pendens*, Leestma received a request for demand from escrow company West Coast Escrow. Id. at 17. The request for demand stated that an escrow had been opened for the real property and requested an original demand and executed release regarding the *lis pendens* to be provided to title agency Equity Title. Id. Leestma responded to the request for demand by email, asking for a telephone conversation. Id. at 18. Olivia Mercer of West Coast Escrow called Leestma regarding the request for demand. Id. at 18. Leestma and Mercer discussed the *lis pendens* and the estate's claims regarding the real property. Id. Mercer confirmed that she did not have evidence that Gleason Williams served any notice of the transfer of the real property or that she had authority to transfer the real property out of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                               'O'

| Case No. | 2:21-cv-08843-CAS (JEMx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | NAKIA WOODSON V. JAMES LEESTMA, ET AL. | | |

the estate without consideration. Id. Mercer additionally stated that she did not know the identity of the owner of Certified Holding Trust. Id. Prior to receiving the request for demand, Leestma was not aware that a loan had been sought or obtained in connection with the real property or that anyone had entered into a contract to repair the real property. Id. at 19. Leestma did not communicate with any lender, title company, or contractor associated with plaintiff or the real property.[3] Id.

### C. Subsequent Probate Court Proceedings

On January 10, 2020, Leestma filed a second supplement to the petition for removal of Gleason Williams as successor administrator, advising the probate court of the request for demand he received from West Coast Escrow. Id. at 20. On January 17, 2020, the probate court entered an order removing Gleason Williams as successor administrator, and, on January 27, 2020, the probate court appointed Leestma as successor administrator. Id. at 21-22. On March 22, 2020, Gleason Williams responded by filing a petition for removal of Leestma as successor administrator. Id. at 23. Despite Leestma's appointment as successor administrator, Gleason Williams refused to reconvey the real property to Leestma. Id. at 24. On August 13, 2020, as a result of this refusal, Leestma filed a petition to determine estate's ownership of estate real property, pursuant to California Probate Code sections 850, *et seq.*, with the probate court. Id.

Following Gleason Williams' disclosure in a deposition that plaintiff is the trustee of Certified Holding Trust, Leestma filed a supplement to the petition to determine estate's ownership of real property, adding plaintiff as a respondent. Id. at 25. On July 22, 2021, plaintiff filed a response, arguing in her affirmative defenses that Leestma had unclean hands and caused plaintiff to suffer damages by engaging in inequitable conduct. Id. at 27. In her trial brief, filed on the same day, plaintiff contended that she participated in the transfer of the real property so she could assist in the refinance of the property to help the heirs improve the property and that Leestma's conduct precluded such improvements. Id. at 27; Leestma Decl., Exh. 22 at 4. Plaintiff additionally argued that Leestma acted in bad faith and had unclean hands because he allegedly refused to accept

---

[3] Plaintiff appears to dispute whether Leestma communicated with the title company and states that "Mr. Leestma was aware title had been transferred which transfer was recorded by a title company." Dkt. 45-2 at 18. However, plaintiff does not present evidence of any such communications.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-08843-CAS (JEMx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | NAKIA WOODSON V. JAMES LEESTMA, ET AL. | | |

"the amount owed to him as a creditor so as to run up legal fees." SUF at 27; Leestma Decl., Exh. 22 at 4-6.

On January 7, 2022, following a trial, the probate court issued its final statement of decision on the petition to determine estate's ownership, and, on February 25, 2022, the probate court entered an order granting the petition. SUF at 30. The probate court made numerous findings, including the findings that respondents (Gleason Williams and plaintiff) "did not secure any loan, did not otherwise provide consideration with regard to the property to the heirs, did not notice the heirs as to [their] intention, and did not obtain the written consent or waiver of any heir." Id. at 31; Leestma Decl., Exh. 25 at 4. The probate court additionally rejected the unclean hands and bad faith defenses as "unsound, given the facts established by the evidence." SUF at 31; Leestma Decl., Exh. 25 at 5. Furthermore, the probate court rejected respondents' argument that transfer of the real property was intended to be a temporary measure to increase its value, finding that the evidence supported the conclusion that respondents "had every intention to keep the property for themselves." Leestma Decl., Exh. 25 at 6.

Accordingly, the probate court deemed the grant deed that transferred the real property to Certified Holding Trust to be void and determined that the real property belonged to the estate and should be transferred there forthwith. Id. at 8. The probate court further concluded that respondents "are without any right, title, estate, interest in, or lien on, the real property" and awarded surcharge, fees, and costs against respondents. Id. at 8-9.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-08843-CAS (JEMx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | NAKIA WOODSON V. JAMES LEESTMA, ET AL. | | |

888 (1990); see Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

### A. Probate Exception to Diversity Jurisdiction

Defendants first argue that the Court lacks jurisdiction over plaintiff's claims for relief based on the probate exception to diversity jurisdiction. MSJ at 8.

"The probate exception to federal jurisdiction reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court." Goncalves By and Through Goncalves v. Rady Children's Hospital San Diego, 865 F.3d 1237, 1251 (citing Marshall v. Marshall, 547 U.S. 293, 311 (2006)). In Marshall v. Marshall, the Supreme Court clarified that the exception is one of limited scope and does not bar "federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Marshall, 547 U.S. at 311-12. Interpreting Marshall, the Ninth Circuit, among several other courts of appeals, have adopted the rule that "unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court, the probate exception does not apply." Goncalves, 865 F.3d at 1252 (quoting Three Keys Ltd. V. SR Util. Holding Co., 540 F.3d 220, 227 (3d Cir. 2008)).

Defendants contend that the Court's exercise of jurisdiction over plaintiff's claims would involve this Court in administration of the decedent's estate and interfere with the

Case 2:21-cv-08843-CAS-JEM   Document 50   Filed 12/19/22   Page 7 of 12   Page ID #:895

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                    'O'

| Case No. | 2:21-cv-08843-CAS (JEMx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | NAKIA WOODSON V. JAMES LEESTMA, ET AL. | | |

probate court's jurisdiction to resolve competing claims to the property and related claims. MSJ at 8. In support of this contention, defendants point out that California Probate Code sections 850 *et. seq.* authorizes California probate courts "to resolve adverse claims to estate property, as well as related 'claims, causes of action, or matters that are normally raised in a civil action to the extent that the matters are related factually to the subject matter of a petition filed under [the California Probate Code].'" Id. at 8-9 (quoting Cal. Prob. Code § 855). Accordingly, defendants contend, the probate court has broad jurisdiction to resolve related claims of the parties that would ordinarily be brought in a civil action, including defendants' petition to determine estate's ownership, filed pursuant to sections 850, *et. seq.*, and the claims that plaintiff asserted in response to the petition, alleging interference with plaintiff's attempt to obtain a loan and to make repairs on the property. MSJ at 9.

Defendants further argue that because the probate court rejected plaintiff's interference claims and determined that the real property belonged to the estate; that plaintiff had no right, claim, or interest in or to the real property; and that the grant deed was void, the probate court exercised jurisdiction over and resolved the entire dispute. Id. at 9-10. Thus, defendants argue, this Court's exercise of jurisdiction over plaintiff's claims, which were properly addressed and rejected by the probate court, would interfere with the probate court's administration of the estate, "including the parties' respective rights and liabilities in connection with the [r]eal [p]roperty." Id. at 10.

In her opposition, plaintiff argues that her claims are not barred by the probate exception because they do not require the Court to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court. Opp. at 4. Rather, plaintiff contends, her claims sound in tort, not probate, and only require the Court to exercise *in personam* jurisdiction over defendants. Id. at 6, 8. Plaintiff further argues that she seeks monetary damages, not distribution of the estate assets. Id. at 9.

While plaintiff does not explicitly ask the court to probate or annul a will, administer an estate, or assume *in rem* jurisdiction over property in the custody of the probate court, the probate exception may still apply if plaintiff's claims would functionally require the Court to engage in the probating of a will or administration of an estate. See In re Robert G. Wallace Trust, 2014 WL 5473544, at *5 (E.D. Cal. Oct. 23, 2014) (finding that plaintiff's requested relief required the court to determine ownership of estate assets and the validity of a will and was consequently barred by the probate exception); King v. United States, 2016 WL 146424, at *6 n.5 (C.D. Cal. Jan. 11, 2016)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                           'O'

| Case No. | 2:21-cv-08843-CAS (JEMx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | NAKIA WOODSON V. JAMES LEESTMA, ET AL. | | |

("[T]o the extent adjudication of plaintiff's survival claim does necessitate a decision regarding the validity of decedent's wills or any provision therein, the probate exception would likely apply."); Wisecarver v. Moore, 489 F.3d 747, 751 (6th Cir. 2007) ("These claims challenge the validity of [the] will . . . These claims clearly involve the probate or annulment of a will and thus are barred by the probate exception."); Grey v. Johansson, 2014 WL 4259432, at *1 (D.N.J. Aug. 26, 2014) (applying probate exception where plaintiff's claims "directly concern[ed] the construction, interpretation, and validity of [the testator's] will"); Solow v. Berger, 2011 WL 1045098, at *2 (E.D. Pa. Mar. 22, 2011) (applying the probate exception because "for plaintiffs to recover on any claim . . . there would have to be findings that the [first] will is invalid and that the [second] will is valid, effectively requiring the Court to annul the [first] will and probate the [second] will").

Therefore, the Court must consider whether ruling on plaintiff's claims for relief would require the Court to engage in conduct barred by the probate exception. In order to prevail on her claim for intentional interference with prospective economic advantage, plaintiff must establish "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (2003) (internal citations and quotation marks omitted). Additionally, plaintiff must prove, as part of her case-in-chief, that defendant's conduct was "wrongful by some legal measure other than the fact of interference itself." Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 393 (1995). To prevail on her claim for negligent interference with prospective economic advantage, plaintiff must establish the same elements but need only show that defendants acted negligently. See Venhaus v. Shultz, 155 Cal. App. 4th 1072, 1078 (2007).

Defendants contend that plaintiff cannot show that any interfering conduct was independently unlawful and argue that the steps defendants took to return the real property to the estate were not wrongful because plaintiff had no interest in or right to the real property. Accordingly, it appears to the Court that a finding of whether defendants' alleged interference with plaintiff's attempt to rent out the real property for profit was unlawful, amounting to an actionable harm, would require a determination of plaintiff's right to and interest in the real property that was and continues to be subject to the state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-cv-08843-CAS (JEMx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | NAKIA WOODSON V. JAMES LEESTMA, ET AL. | | |

court probate proceedings. Such a determination would require the Court to engage in analysis of the heirs' interests in the real property and administration of the estate, thereby assuming the responsibilities of the probate court. Indeed, in its administration of the estate here, the probate court determined that plaintiff had no interest in or entitlement to the real property and that the real property belonged to the estate. Thus, to the extent adjudication of plaintiff's interference claims requires the Court to determine rightful ownership of the real property, the probate exception applies. See Goncalves, 865 F.3d at 1252 (federal court may not endeavor to administer an estate or probate a will).

Contrary to plaintiff's contentions, this is the kind of determination that probate courts are uniquely positioned to make, as probate courts have "special proficiency" in determining rights to a property comprising an estate. See Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992). As such, "sound policy considerations" favor application of the probate exception here. Id. at 703.

Accordingly, the Court finds that the probate exception precludes federal jurisdiction over plaintiff's claims and **GRANTS** defendants' motion for summary judgment on that basis.[4]

---

[4] Defendants additionally contend that this Court lacks jurisdiction under the doctrine of prior exclusive jurisdiction. MSJ at 11. In Marshall, the Supreme Court explained that the rule that a federal court may not "dispose of property that is in the custody of a state probate court" is simply "a reiteration of the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." Marshall, 547 U.S. at 311-312. This rule is thus an application of the prior exclusive jurisdiction doctrine, which is a "'mandatory jurisdictional limitation' that prohibits federal and state courts from concurrently exercising jurisdiction over the same *res*." Goncalves, 865 F.3d at 1253 (quoting Chapman v. Deutsche Bank Nat'l Tr. Co., 651 F.3d 1039, 1043 (9th Cir. 2011)). The doctrine specifically bars a federal court from exercising *in rem* or *quasi in rem* jurisdiction over a *res* where a state court is concurrently exercising *in rem* or *quasi in rem* jurisdiction over the same res. Goncalves, 865 F.3d at 1253. On the other hand, where the federal court's exercise of jurisdiction is "strictly *in personam*," the federal court and the state court may exercise jurisdiction concurrently. Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader, 294 U.S. 189, 195 (1935). Because plaintiff does not ask

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                        'O'

| Case No. | 2:21-cv-08843-CAS (JEMx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | NAKIA WOODSON V. JAMES LEESTMA, ET AL. | | |

**B.    Genuine Disputes of Material Fact as to Plaintiff's Claims for Relief**

In any event, even if the adjudication of plaintiff's claims would somehow not require the Court to engage in a determination of rights under the will or administration of the estate, summary judgment is appropriate because plaintiff has failed to present any evidence establishing triable issues of material fact with respect to her interference claims. Celotex, 477 U.S. at 322 (summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Specifically, plaintiff has failed to set forth any evidence whatsoever that defendants' conduct was independently unlawful, as required to establish interference with prospective economic advantage. See Korea Supply Co., 29 Cal. 4th at 1153.

Furthermore, plaintiff's evidence of defendants' acts of interference is likewise insufficient. The only such acts that are supported by evidence are (1) Leestma's recording of the *lis pendens* and (2) Leestma's telephone conversation with West Coast Escrow. As defendants contend, these acts constitute communications related to the probate proceedings, and, pursuant to California Civil Code section 47(b), cannot give rise to defendants' liability.

"Section 47(b) protects participants in judicial proceedings from derivative tort actions based on communications in or regarding the judicial proceeding." eCash Techs., Inc. v. Guagliardo, 127 F. Supp. 2d 1069, 1082 (C.D. Cal. 2000). This privilege "'applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" Olszewski v. Scripps Health, 30 Cal. 4th 798, 830 (2003) (quoting Silberg v. Anderson, 50 Cal. 3d 205, 212 (1990)). While section 47(b) has traditionally been applied to communications between parties to the judicial proceedings, courts have expanded the privilege "to include publication to nonparties with a substantial interest in the proceeding." Susan A. v. County of Sonoma, 2 Cal. App. 4th 88, (1991).

---

the Court to exercise *in rem* or *quasi in rem* jurisdiction over the *res*, the Court finds that the doctrine of prior exclusive jurisdiction does not apply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                         'O'

| Case No. | 2:21-cv-08843-CAS (JEMx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | NAKIA WOODSON V. JAMES LEESTMA, ET AL. | | |

Here, Leestma's recording of the *lis pendens* and the telephone conversation with West Coast Escrow regarding the transfer of the property out of the estate and the probate proceedings were communications made in connection with the pending litigation and for the purpose of achieving the objects of the litigation, which were to remove the then-successor administrator and to recover the estate's real property. The communications informed parties potentially contracting with plaintiff in connection with the real property of the pending dispute with respect to the property's ownership. As such, they were made to notify those with a "substantial interest" in the litigation of the pending proceedings. See Wolf v. Travolta, 2014 WL 6685560, at *14-15 (C.D. Cal. Nov. 24, 2014) (applying section 47(b) to communications warning third parties of potential liability in connection with copyright infringement action). Plaintiff has failed to raise genuine factual disputes as to why section 47(b) does not apply, and, accordingly, the *lis pendens* and the conversation with West Coast Escrow may not give rise to defendants' tort liability. See Costa v. Super. Court, 157 Cal. App. 3d 673, 678 (1984) (explaining that the question of whether litigation privilege applies is "a matter of law" where the circumstances under which the communication was made are not in dispute).

Plaintiff has not identified any other acts of interference on defendants' part that are supported by evidence. At the summary judgment stage, plaintiff's allegations in her own declaration, unsupported by other evidence, are insufficient to meet her burden. See Lujan, 497 U.S. at 888 (nonmoving party must do more than make "conclusory allegations [in] an affidavit").

Accordingly, the Court finds that plaintiff has failed to raise a genuine dispute of material facts as to her interference claims and **GRANTS** defendants' motion for summary judgment on that basis.[5]

---

[5] In her opposition, plaintiff contends that additional discovery is required to respond to defendants' motion for summary judgment. Opp. at 22. Plaintiff states that, during her deposition, Mercer testified that she did not remember much about her conversation with Leestma or about why West Coast Escrow did not close on the loan. Id. However, Mercer testified that a file exists for the transaction related to the loan and that she has two assistants. Id. Plaintiff requests additional discovery of the file and of communications with the assistants. Id.
Under Federal Rule of Civil Procedure 56(d), in order to obtain additional discovery to respond to a motion for summary judgment, the nonmoving party must show by affidavit or declaration that, for specified reasons, it cannot present facts essential to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                              'O'

| Case No. | 2:21-cv-08843-CAS (JEMx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | NAKIA WOODSON V. JAMES LEESTMA, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion for summary judgment.

IT IS SO ORDERED.

|  |  | 00 | : | 38 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |

---

justify its opposition.  Here, plaintiff has failed to comply with Rule 56(d), as she has not set forth any such affidavit or declaration specifying the reasons why she was unable to discover the information she now seeks.  Further, she has not demonstrated that the facts sought actually exist or that they are essential to oppose the issues raised on summary judgment.  At oral argument, counsel for plaintiff contended that the escrow file could show that Leestma improperly threatened West Coast Escrow with litigation on behalf of the heirs before he was appointed as administrator and authorized to act on the heirs' behalf.  Even if the file did reveal that Leestma made such a threat, however, Leestma's communications with Mercer would still fall under section 47(b) because they were made in connection with the pending probate proceedings with the objective of returning the property to the estate.  See Royer v. Steinberg, 90 Cal. App. 3d 490, 499 (1979) ("The protection given by [section 47(b)] is complete, and is not affected by the ill will or personal hostility of the publisher or by any improper purpose for which he may make the publication.") (quoting Rest. 2d Torts, Section 583f).  Plaintiff therefore has not demonstrated how the additional discovery sought would change the outcome of defendants' motion for summary judgment.  The Court additionally notes that plaintiff's counsel deposed Mercer and had the opportunity to ask Mercer about the file and any communications with her assistants but failed to do so.  Accordingly, the Court finds that additional discovery is not appropriate.